**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

BIANELA MORETA-MATEO            )
                                )
            Petitioner,          )
                                )
v.                               )            Case No. CIV-26-539-J
                                )
WARDEN, DIAMONDBACK             )
CORRECTIONAL FACILITY, et al.,   )
                                )
            Respondents.         )

## ORDER

Petitioner Bianela Moreta-Mateo, a citizen of the Dominican Republic, is currently in the custody of Immigration and Customs Enforcement (ICE).  She has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) seeking release, or in the alternative, a bond hearing.  The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with a bond hearing as required under 8 U.S.C. § 1226(a) and due process, within five business days or otherwise release her; (2) require the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention; and (3) order Respondents to certify compliance within seven business days.  (Rep. & Rec.) [Doc. No. 9].  Respondents filed a timely Objection (Obj.) [Doc. No. 10], triggering de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

## I.    Background

Petitioner entered the United States in September 2022 and, shortly thereafter, was detained by ICE and charged as an alien present in the United States without being in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* at 4; [Doc. No. 8-1]. On September 3, 2022, Petitioner was ordered removed, but on September 12, 2022, she was paroled for one year pursuant to § 212(d)(5)(A) of the Immigration and Nationality Act (INA), subject to certain reporting requirements. *Id.*; [Doc. No. 8-2]. Following her release, Petitioner applied for asylum, but the application was dismissed on June 5, 2025. [Doc. Nos. 8-3 & 8-4]. In January 2026 Petitioner was re-detained by ICE while appearing for "a scheduled check-in appointment with ICE." Petition at 5. Petitioner asserts that her continued detention without a bond hearing violates the INA and her Fifth Amendment due process rights.[1]

## II.    Report and Recommendation

In relevant part, Judge Erwin concluded that (1) this Court has jurisdiction to consider Petitioner's claims, and (2) Petitioner's continued detention without a bond hearing violates the INA. *See* Rep. & Rec. at 3–14. On the latter finding, Judge Erwin explained that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls her detention. *See id.* As noted above, Judge Erwin also found that the Government should bear the burden at the bond hearing. *See id.* at 18–24.

---

[1] Because the Court grants Petitioner relief under the INA, it declines to address her constitutional claim.

### III.      Analysis

Respondents first object on grounds that the Court lacks jurisdiction under 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g).  *See* Obj. at 2–5.  On de novo review, this argument is rejected.  This Court and many others have already concluded that §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip the district court of jurisdiction.  *See Thabata v. Blanche*, No. CIV-26-531-J, 2026 WL 1495209, at *1 (W.D. Okla. May 28, 2026); *Uygur v. Grant*, No. CIV-26-676-D, 2026 WL 1165429, at *1 (W.D. Okla. Apr. 29, 2026) ("because Petitioner is challenging his order of detention, and not an order of removal, . . . provisions [§ 1252(a)(5) and § 1252(b)(9)] do not deprive the Court of jurisdiction"); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 649–51 (E.D. Va. 2025).  No further discussion is warranted.

Respondents further object to Judge Erwin's conclusion that § 1226(a) controls Petitioner's detention and respectfully ask the Court to reconsider its prior decisions regarding the application of § 1225(b)(2)(A).  *See* Obj. at 5–6.  Although employing a de novo review, the Court declines to engage in lengthy analysis.  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Ramirez v. Johnson,* No. CIV-26-426-J, 2026 WL 1683139, at *1 (W.D. Okla. June 10, 2026); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (finding § 1226(a) applies to a petitioner who was initially released on parole under 8 U.S.C. § 1182(d)(5)(A) and later re-detained).  Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Finally, Respondents object to Judge Erwin's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government.  *See* Obj. at 7–8.  However, the Court declines to address Petitioner's due process claim, *see supra* at

2, n. 1, thus mooting the objection.  Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage.  *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985).  Accordingly, the Court continues to stand with other courts in this district and declines to issue an advisory opinion instructing application of a particular burden of proof.  *Carrasco Gomez v. Figueroa*, No. CIV-26-991-J, 2026 WL 1784538, at *2 (W.D. Okla. June 22, 2026) (collecting cases).

**IV.    Conclusion**

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act.  The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or otherwise release Petitioner if she has not received the hearing within that period. Respondents shall certify compliance within seven business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 24th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE